# United States Court of Appeals
FOR THE
SECOND CIRCUIT

———————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand twenty-three.

Present:
    Joseph F. Bianco,
    Eunice C. Lee,
    Sarah A. L. Merriam,
        *Circuit Judges*.

———————

United States of America,

        *Appellee*,

    v.                                22-1268

Robert McAdam,

        *Defendant-Appellant*.

———————

Devin McLaughlin, counsel for Appellant, moves for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moves to dismiss the appeal as barred by an appeal waiver, or in the alternative, for summary affirmance. Upon due consideration, it is hereby ORDERED that the *Anders* motion is GRANTED and attorney McLaughlin is permitted to withdraw. It is further ORDERED that the Government's motion to dismiss is GRANTED with respect to Appellant's appeal of his terms of imprisonment and supervised release, as well as the forfeiture order.

Upon our independent review of the record, we have identified nonfrivolous appellate issues. It is therefore ORDERED that new counsel for Appellant shall be appointed to brief the issues identified below on the merits. *See* 18 U.S.C. § 3006A(b)–(c); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam).

First, the parties should address whether supervised release conditions 14 and 15, requiring Appellant to disclose financial information and submit to a search upon reasonable suspicion, were

improperly imposed on Appellant when they were not referenced in the either the pre-sentence report or orally pronounced at his sentencing, but were nonetheless included in the written judgment. See *United States v. Traficante*, 966 F.3d 99, 105 (2d Cir. 2020); *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004).

Second, the parties should address whether the district court erred in imposing special conditions 7 and 9, the internet-monitoring and sexually-explicit-content conditions. See *United States v. Kunz*, 68 F.4th 748, 767 (2d Cir. 2023) (observing that "a restriction limiting a supervisee to just one internet-connected device would pose a significant burden on [the defendant's] liberty"); *United States v. Eaglin*, 913 F.3d 88, 99–101 (2d Cir. 2019) (holding that district court abused discretion in imposing identical sexually-explicit-content condition); see also *United States v. Gnirke*, 775 F.3d 1155, 1165 (9th Cir. 2015) (discussing breadth of prohibition on possessing sexually explicit conduct).

Counsel for Appellant may also brief any other nonfrivolous issue not within the waiver of appeal.

Because the parties are directed to submit further briefing, the Government's motion for summary affirmance is DENIED. See *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010) (summary action is appropriate only "in place of full merits briefing").

New counsel for Appellant is directed to file a scheduling notification within 14 days of the date of appointment pursuant to Second Circuit Local Rule 31.2.

Additionally, it is hereby ORDERED that this appeal shall be heard in tandem with the appeal docketed under *United States v. Diaz-Mejias (Morales-Quirino)*, 2d Cir. 21-2581.

    FOR THE COURT:
    Catherine O'Hagan Wolfe, Clerk of Court

*/s/ Catherine O'Hagan Wolfe*