

United States Department of Justice

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0658* |
| *Syracuse, New York 13261-7198* | |

September 2, 2025

Hon. Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals
  for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re: **United States v. McAdam**
           **Docket No. 22-1268**
           **Submitted: September 16, 2024**

Dear Ms. Wolfe:

      The government writes pursuant to Rule 28(j) to advise the Court of the en banc decision in *United States v. Maiorana*, No. 22-1115-CR, 2025 WL 2471027 (2d Cir. Aug. 28, 2025). That decision overruled *United States v. Truscello*, 168 F.3d 61, 62-64 (2d Cir. 1999), which held that "standard" conditions of supervised release do not have to be orally pronounced at sentencing.

      In *Maiorana*, the Court held "that a sentencing court intending to impose non-mandatory conditions of supervised release, including the 'standard' conditions described in [U.S.S.G.] § 5D1.3(c), must notify the defendant during the sentencing proceeding; if the conditions are not pronounced, they may not later be added to the written judgment." 2025 WL 2471027, at *6. The Court further explained that a sentencing court "need not read the full text of every condition on the record," but can "expressly adopt or specifically incorporate by reference particular conditions that have been set forth in writing and made available to the defendant in the PSR, the Guidelines, or a notice adopted by the court." *Id*. The Court ordered a limited remand for a hearing to address the standard conditions that were not properly imposed; it did not order a full resentencing. *Id*. at *6 n.13; *see also id*. n.14 (noting that defendant could elect to waive hearing regarding standard conditions).

The holding in *Maiorana* is relevant to the argument in the government's responsive brief at pages 38-52.

                                        JOHN A. SARCONE III
                                        Acting United States Attorney

                                        s/ *Rajit S. Dosanjh*
                                        Rajit S. Dosanjh
                     By:    Assistant United States Attorney

cc:    Randell D. Unger, Esq.